FOSTER *v.* POLK CHEVROLET CO.

5-2345
345 S. W. 2d 479

Opinion delivered April 10, 1961.

[Rehearing denied May 15, 1961.]

*E. L. Holloway,* for appellant.

*Dennis L. Berry, Bryan J. McCallen, Trantham & Knauts,* for appellee.

SAM ROBINSON, Associate Justice. This case grows out of the action of one of the appellees, Burley Smith, the mortgagee named in a chattel mortgage, in taking the mortgaged property, an automobile, from the appellant, Foster, the mortgagor, and selling it at public sale to satisfy the mortgage. The court directed a verdict against the appellant on the theory that the evidence shows the mortgagee had the right of possession, and since this is an action of replevin, the mortgagor cannot recover because he is not entitled to possession. *Geiser Manufacturing Co.* v. *Davis,* 110 Ark. 449, 162 S. W. 59. In directing the verdict, the court said: "At the conclusion of the testimony in behalf of the plaintiff, the defendants move for a directed verdict, which motion the court is going to grant."

Under the terms of the mortgage the mortgagor was entitled to possession of the automobile unless there was default in the payments on the note secured by the mortgage or other contingencies occurred. Default in payment of the mortgage indebtedness is relied on by the mortgagee as giving him right of possession. The mortgage secured a note dated April 4, 1959, in the sum of $700, payable $200 monthly. Appellant testified that later he and the mortgagee agreed that the payments would be reduced to $50 per month. It appears that on June 16th appellant paid $110, which would take care of the May and June payments and in addition appellant, the mortgagor, testified that he did some ditching for appellee, Burley Smith, for which Smith owed him

$109.97, and this offset would more than take care of the July payment on the note. On July 15th Burley Smith had Wid Rice take the car from Foster. According to the testimony, the payments on the note were not in default at the time Burley Smith had Rice take possession of the car. Burley Smith did not testify. In fact, the appellees introduced no evidence except that the note and mortgage were introduced in the cross examination of appellant Foster. Hence it cannot be said that as a matter of law the mortgagee was entitled to possession of the automobile.

Rice stored the car with Polk Chevrolet Company. Mrs. Foster, appellant's wife, acting for him, went to the Chevrolet Company that same day and demanded that the car be returned, but her demand was refused. On July 30th Foster filed suit in the chancery court against Burley Smith and the Chevrolet Company, alleging that he owed a balance on the car of $480.03, which amount he tendered and deposited in court; and alleged that the mortgagee was demanding the sum of $604.00. He asked for possession of the car and that Smith and the Chevrolet Company be enjoined from interfering with his enjoyment of it. No immediate action was taken in chancery court. The next morning Foster filed the case at bar, a replevin action against the Chevrolet Company. However, the officer serving the replevin papers did not get possession of the car, and later that day it was sold to appellee, Otto Smith, who subsequently, along with Burley Smith and Wid Rice, was made a party to this action.

During the trial of this case it appeared that the money deposited in chancery court by appellant, in tender of the amount he claims he owes on the car, was still there. The action in chancery was filed prior to the replevin action and was pending at the time of the trial of the case at bar. Chancery court has jurisdiction of the subject matter under the allegations of the complaint filed there, and since this cause must be reversed because of the error in directing a verdict for the defendants, it

appears that the better procedure would be to transfer the cause to chancery, where the original suit is still pending and all of the issues can be resolved.

Reversed.